UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-CIV-60828-ALTONAGA/O'Sullivan

**JOSEPH PETRIE**, *et al.*,

    Plaintiffs,

v.

**PLUMBING MASTER SYSTEMS, INC.**,

    Defendant.

_____/

## ORDER

**THIS CAUSE** comes before the Court upon the Plaintiffs, Joseph Petrie, *et al.*'s ("Plaintiffs[']" or "the Trustees[']") Renewed Final Default Judgment Motion ("Motion") [ECF No. 13], filed July 13, 2015. A Clerk's Default ("Clerk's Default") [ECF No. 9] was entered against Defendant, Plumbing Master Systems, Inc. ("Defendant"), on June 18, 2015, as Defendant failed to appear, answer, or otherwise plead to the Complaint ("Complaint") [ECF No. 1]. The Court has carefully considered the Motion, the record, and applicable law.

### I. BACKGROUND

1. The cause of action is a delinquent contributions collection action and was filed by the Trustees pursuant to 29 U.S.C. sections 1132 and 1145.

2. The Trustees seek to recover, on behalf of employee benefit plans and multiemployer plans ("the Funds"): delinquent contributions, liquidated damages, attorneys' fees, court costs, and interest for untimely contributions that were not paid to the Funds. (*See* Compl.).

3. Due to Defendant's failure to appear, answer, or otherwise plead to the Complaint, the Clerk entered default on June 18, 2015. (*See* Clerk's Default).

4. Defendant had previously forwarded its own payroll records to the Trustees' accountants.

The accountants reviewed those payroll records for the 2012 and 2013 payroll periods and issued two payroll audit reports. (*See* Ex. 1 [ECF No. 13-1]).

5. The audit reports show Defendant owes $28,451.08 in delinquent contributions for payroll periods between June 23, 2012 and December 31, 2012; and $47,451.08 in delinquent contributions for payroll periods January 1, 2013 and December 31, 2013, as damages. (*See id.*).

6. This calculation is based on the Defendant's own payroll records produced by Defendant to the Trustees' accountants.

7. Defendant's payroll records pertain to employees who worked hours covered by the collective bargaining agreement but for whom Defendant has failed to pay contributions to the Funds administered by the Trustees for employees' retirement and health benefits. (*See id.*).

8. The delinquent contributions are based on Defendant's breach of Article XIII of the collective bargaining agreement (the "Agreement"). (*See* Ex. 1 [ECF No. 1-1] 11).

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint. However, a "'defendant's default does not in itself warrant the court entering a default judgment.'" *DirecTV, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1127 (M.D. Ala. 2004) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Granting a motion for default judgment is within the trial court's discretion. *See Nishimatsu*, 515 F.2d at 1206. Because the defendant is not held to admit facts that are not well pleaded or to admit conclusions of law, the court must first determine whether there is a sufficient basis in

the pleading for the judgment to be entered. *See id.*; *see also Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) ("[L]iability is well-pled in the complaint, and is therefore established by the entry of default . . . ." (alterations added; citation omitted)).

If the facts in the complaint are sufficient to establish liability, then the Court must determine the appropriate amount of damages. *See Petmed Express, Inc. v. Medpets.com, Inc.*, 336 F. Supp. 2d 1213, 1217 (S.D. Fla. 2004). Where all the essential evidence is on record, an evidentiary hearing on damages is not required. *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) ("Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone. . . . We have held that no such hearing is required where all essential evidence is already of record." (alteration added; citations omitted)).

### III. ANALYSIS

The Funds are governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), and the legislative purpose underlying ERISA is to protect the interests of pension plan beneficiaries by providing them with legal remedies, sanctions and access to federal courts. *See Laborers Fringe Benefit Funds-Detroit & Vicinity v. Nw. Concrete & Constr., Inc.*, 640 F.2d 1350, 1352 (6th Cir. 1981). "Congress made it abundantly clear that an employer not be permitted to circumvent or ignore its funding, payment and other obligations under ERISA." *Id*.

The essential elements of an ERISA cause of action for delinquent contributions are: (1) the defendant is an employer; (2) "who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement"; and (3) the defendant failed to make the required contributions. 29 U.S.C. § 1145. The three essential elements are established here:

> Defendant is an "Employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and is party to a collective bargaining agreement (the "Agreement") with Local 719. See D.E. #1 at ¶9.
>
> . . .
>
> Defendant agreed to be bound and remained bound to the Agreement as it related to wage rates and Defendant's contribution obligations to the Funds. See D.E. #1 at ¶12.
>
> . . .
>
> Defendant employed persons within the trade and territorial jurisdiction of the Agreement and thus became obligated to pay fringe benefit contributions and other payments to the Funds. See D.E. #1 at ¶14.
>
> Defendant breached the Agreement by failing to make timely and complete payment of all fringe benefit contributions and other payments due to the Funds as a result of the hours worked by the persons referenced above in ¶14, for payroll periods after June 22, 2012. See D.E. #1 at ¶15.

(Mot. ¶¶ 9, 12, 14–15) (alterations added). The Trustees have established Defendant failed to make the required contributions.

Taking the allegations in the Complaint as admitted, the Court finds the Trustees have presented evidence Defendant was obligated to pay contributions under the terms of a collectively bargained agreement but failed to do so. This evidence is unrefuted by Defendant. Thus, a sufficient basis exists in the pleadings for final judgment to be entered against Defendant. Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion **[ECF No. 13]** is **GRANTED**. Based upon the calculation attached to the Motion as Exhibit 1 (*see* [ECF No. 13-1]), which is based on Defendant's own payroll records, there is no dispute as to the amount of Defendant's liability, which totals $84,192.70: $31,377.68 for June 23, 2012 to December 31, 2012; and $52,815.02 for calendar year 2013. (*See id.* 5, 18).

CASE NO. 15-CIV-60828-ALTONAGA/O'Sullivan

Defendant has presented no evidence to challenge either the legitimacy or the accuracy of these figures.

2. Final judgment will be entered in favor of Plaintiffs, Joseph Petrie, *et al.*, and against Defendant, Plumbing Master Systems, Inc., in the sum of $84,192.70 for unpaid contributions and late fees for payroll periods between June 23, 2012 and December 31, 2013 only. This amount is substantiated by the evidence attached as Exhibit 1 to the Motion.

3. The Trustees may also recover their reasonable attorneys' fees and other litigation and collection costs. The claims brought in this action encompass and/or cover no other payroll periods.

4. Defendant shall produce all records requested in response to any duly served post-judgment notices of deposition *duces tecum*.

5. The Clerk of the Court is instructed to **CLOSE** the case.

6. The Court reserves jurisdiction to enter such other and further orders as deemed proper.

**DONE AND ORDERED** in Miami, Florida, this 16th day of July, 2015.

*Cecilia M. Altonaga*
**CECILIA A. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

5